FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 24, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALEXANDRIA S., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1] <br><br> Defendant. | No. 2:20-CV-00395-JAG <br><br> **ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** <br><br> **(ECF Nos. 15, 16)** |

Before the Court are Plaintiff's Motion for Summary Judgment and Defendant's Motion for Summary Judgment. ECF Nos. 15, 16. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court **GRANTS IN PART** Plaintiff's Motion for Summary Judgment and **DENIES** Defendant's Motion for Summary Judgment.

---

[1] Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration on July 9, 2021. Pursuant to Federal Rules of Civil Procedure 25(d), she is automatically substituted as the Defendant.

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 1**

## I.  JURISDICTION

Plaintiff filed her concurrent application for disability insurance benefits and supplemental security income on July 2, 2018 claiming an alleged onset date of disability starting June 1, 2018. AR 62, 74, 76, 88. These claims were initially denied on October 15, 2018, and denied upon reconsideration on April 3, 2019. AR 74, 88, 102. 116.

Following Plaintiff's administrative hearing, Administrative Law Judge ("ALJ") Jesse K. Shumway issued a decision on June 29, 2020 finding Plaintiff ineligible for disability benefits. AR 15–26. The Appeals Council of the Social Security Administration denied Plaintiff's request for review on September 11, 2020. AR 1–6. Plaintiff, through counsel, sought judicial review by this Court on October 26, 2020. ECF No. 1, at 1–3. Under 42 U.S.C. § 405(g), Plaintiff's claims are properly before this Court.

## II.  SEQUENTIAL EVALUATION PROCESS

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 404.1520(a)(4); *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006).

At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R.

ORDER GRANTING IN PART
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT ~ 2

§ 416.920(b). If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.

At step two, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(c).

At step three, the Commissioner compares the claimant's impairments to those impairments, or listings,[2] identified in the regulations as so severe that they preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated listings, the Commissioner must find the claimant is disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations. 20 C.F.R. § 416.945(a)(1).

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the

---

[2] The listings can be found in 20 C.F.R. Ch. III, Pt. 404, Subpt. P, App. 1.

**ORDER GRANTING IN PART
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT ~ 3**

claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner should conclude whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and he or she is entitled to benefits. 20 C.F.R. § 416.920(g)(1).

In steps one through four, the burden of proof is carried by the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th Cir. 1999). This burden is met once the claimant establishes that physical or mental impairments prevent her from engaging in her previous occupations. 20 C.F.R. § 404.1520(a). If the claimant cannot engage in her previous occupations, the ALJ proceeds to step five and the burden shifts to the Commissioner to demonstrate that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue,* 700 F.3d 386, 388–89 (9th Cir. 2012).

### III.    STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under section 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158–59 (9th Cir. 2012). Substantial evidence means "'more than a mere scintilla

but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

### IV.    STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here. Plaintiff filed a Title II application for disability and disability insurance benefits, and a Title XVI application for supplemental security income. AR 15. The alleged date of disability for both claims as June 1, 2018. Plaintiff is a 26-year-old female who suffers from the following severe impairments: Ehlers-Danlos Syndrome, posttraumatic stress disorder (PTSD), mood disorder, anxiety disorder, depersonalization disorder, obsessive compulsive

disorder, personality disorder, and somatic symptom disorder. AR 17, 24. On the alleged onset date of disability Plaintiff was 23 years old. AR 24. Plaintiff has past work experience as a gas station attendant and medical assistant. AR 24. Plaintiff has at least a high school education and can communicate in English. AR 24.

## V.     THE ALJ'S FINDINGS

At **step one**, the ALJ found that the Plaintiff meets the insured status requirements of the Act through September 20, 2019, and that she has not engaged in substantial gainful activity since the alleged disability onset date.

At **step two**, the ALJ found that Plaintiff has the following severe impairments: Ehlers-Danlos Syndrome, PTSD, mood disorder, anxiety disorder, depersonalization disorder, obsessive compulsive disorder, personality disorder, and somatic symptom disorder. AR 17.

At **step three**, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equals the severity of the listed impairments in 20 C.F.R. Chapter III, Part 404, Subpart P, Appendix 1. AR 19.

At **step four**, the ALJ found that Plaintiff could not perform any of her past relevant work. AR 24.

At **step five**, the ALJ found that there were jobs existing in significant numbers in the national economy that Plaintiff could perform and denied her claim on that basis. AR 25.

Accordingly, the ALJ concluded that Plaintiff has not been under a disability for the relevant period. AR 25.

## VI.     ISSUES FOR REVIEW

1. **Did the ALJ err in rejecting the medical opinion evidence?**
2. **Did the ALJ err in rejecting Plaintiff's subjective symptom testimony?**
3. **Did the ALJ err at Step Five in the sequential evaluation process?**

**ORDER GRANTING IN PART
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT ~ 6**

## VII.  DISCUSSION

**A.  <u>The ALJ erred in the RFC determination by rejecting Dr. Robinson and Dr. Gollogly's conclusion that Plaintiff could experience up to two hours of interruption in a normal workday.</u>**

As set forth below, the Court finds that the ALJ erred in summarily rejecting the findings of John F. Robinson, Ph.D. and Vincent Gollogly, Ph.D. that Plaintiff would likely experience up to two hours of interruption in a competitive workday due to problems with concentration and interference from psychological symptoms. AR 70, 98. Because this important limitation was not considered in determining Plaintiff's RFC, the case is remanded to reevaluate her RFC.

The ALJ is responsible for resolving conflicts in medical testimony and resolving ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). In 2017, the Commissioner revised its regulations to eliminate the hierarchy of medical opinions. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence. 82 Fed. Reg. 5844-01 (Jan. 18, 2017). Under the revised regulations, for claims filed on or after March 27, 2017, the Commissioner "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The revised regulations still require the ALJ to explain his reasoning, and specifically address how he considered the supportability and consistency of the opinion. *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Where a treating physician's opinion "is contradicted by another doctor's opinion," an ALJ may only reject it by providing "specific and legitimate reasons that are supported by substantial evidence in the record." *Edlund*, 253 F.3d at 1157 (quoting *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)).

First, Plaintiff claims that the ALJ erred in rejecting the opinion of licensed psychologist Kayleen Islam-Zwart, Ph.D. ECF No. 15, at 11–13. Dr. Islam-Zwart

**ORDER GRANTING IN PART
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT ~ 7**

conducted a Washington State Department of Social and Health Services psychological evaluation of Plaintiff. AR 288–97. She found that Plaintiff would likely have difficulty working in a regular and sustained manner. AR 296. The ALJ did not find Dr. Islam-Zwart's opinion to be persuasive, concluding that it was not consistent with the objective exam findings. AR 22. The ALJ found that Plaintiff's exam results were normal because she had appropriate affect, eye contact within normal limits, no indication of delusional thought processes, scored 28 out of 30 on the Mini Mental Status Exam, and was able to spell the word "world" forward and backward. *Id.*

The reasons given by the ALJ for the persuasiveness of Dr. Islam-Zwart's opinion are adequate and supported by substantial evidence in the record. Thus, the ALJ did not err in how it weighed Dr. Islam-Zwart's opinion. However, in Dr. Islam-Zwart's summary, she notes Plaintiff's multiple psychological and physical concerns and concludes that Plaintiff "would likely have difficulty working in a regular and sustained manner . . ." AR 296. This finding supports Dr. Robinson and Dr. Gollogly's conclusion that Plaintiff could be expected to experience up to two hours of interruption in a typical workday due to concentration and psychological issues.

Next, Plaintiff challenges the ALJ's weighing of the opinion of Kandis Paskell, L.M.H.C. ECF No. 15, at 13–14. Paskell completed a mental residual functional capacity questionnaire. AR 402–06. The ALJ found Paskell's opinion to be unpersuasive and unsupported by treatment notes or evaluation reports. AR 23. This Court does not disturb the ALJ's finding of the persuasive nature of Paskell's report. However, similar to Dr. Islam-Zwart's conclusion, Paskell opined that Plaintiff would be absent from work more than four days per month and would be unable to meet the competitive standard in completing a normal workday without interruptions from psychologically based symptoms. AR 23. This finding supports

**ORDER GRANTING IN PART
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT ~ 8**

Dr. Robinson and Dr. Gollogly's conclusion that Plaintiff could be expected to experience up to two hours of interruption in a workday.

While finding unpersuasive the reports of Dr. Islam-Zwart and Paskell, the ALJ credited the opinions of state agency medical consultants Dr. Robinson and Dr. Gollogly. AR 23. However, the ALJ rejected their conclusions that Plaintiff could be expected to experience two hours of interruption in a regular workday. AR 23, 70, 84, 98, 112. The ALJ concluded that such interruptions were not supported by the objective medical evidence. AR 23. In analyzing Dr. Gollogly's comment on the two-hour interruption, the ALJ states, "[t]his seems to be what this opinion is saying, although I note that it does not seem consistent with the overall tenor of the opinion." AR 23. The ALJ then points to the instances in Dr. Islam-Zwart's evaluation that Plaintiff could spell "world" forwards and backwards, and that during the evaluation, Plaintiff's eye contact was within normal limits and she was able to respond appropriately to interview questions. AR 24. These are insufficient reasons for discounting two professional opinions that Plaintiff would likely experience up to two hours of interruption in a normal competitive workday. Four experts in this case agreed that Plaintiff would have problems with concentration and functioning. AR 23, 84; AR 296 (Plaintiff's "presentation is such that she would likely have difficulty working in a regular and sustained manner at this time . . ."); AR 404 ("unable to complete a full work[]day without taking excess, unauthorized breaks. 'Zones out.'"). The ALJ credited the opinions of Dr. Robinson and Dr. Gollogly but discounted an important conclusion that each made about the expectation that she would experience significant interruption in a normal workday, a conclusion that was not rebutted by any other opinions in the record.[3] Accordingly, the ALJ's summary rejection of this portion of their analyses

---

[3] The Commissioner argues that under the Social Security Administration's regulations, medical opinions should be evaluated for *supportability* and

**ORDER GRANTING IN PART
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT ~ 9**

was error. Further, pointing to Plaintiff's spelling of the word "world" and her eye contact and ability to answer questions during Dr. Islam-Zwart's evaluation are not sufficient reasons for rejecting the conclusion that Plaintiff would likely experience an "expected interruption" in her normal workday.

The Court notes that both Dr. Robinson and Dr. Gollogly made the ultimate determination that Plaintiff was "Not Disabled" during the relevant time period. AR 72, 114. However, this does not relieve the ALJ of the obligation to determine Plaintiff's RFC. 20 C.F.R. §§ 404.1520(e), 416.920(e). An accurate assessment of the RFC is particularly important in a case, as we have here, where the ALJ found that the claimant has a limited RFC but is able to adapt to other jobs in the national economy.

### B. The ALJ properly discounted Plaintiff's subjective symptom testimony.

Next, Plaintiff argues that the ALJ improperly rejected her subjective symptom testimony. ECF No. 15, at 16. The ALJ made the following finding:

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

AR 21.

---

*consistency* and the ALJ should determine "how persuasive" he or she finds the medical opinion rather than accepting it or rejecting it. ECF No. 16, at 13–14. Indeed, the regulations alter the way in which the ALJ evaluates treating versus nontreating medical opinions. *Compare* 20 C.F.R. § 404.1520c(a) *with* 20 C.F.R. § 404.1527(c)(2) (under cases filed before March 27, 2017, medical opinions from treating sources are generally given more weight than nontreating sources). In the present case, the Court finds that the ALJ's reasons for rejecting the two-hour interruption limitation are not supported by substantial evidence.

**ORDER GRANTING IN PART
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT ~ 10**

The ALJ must consider whether there are any conflicts between the claimant's statements and the rest of the evidence. 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4). The ALJ resolves issues of credibility, and if the ALJ's finding is supported by substantial evidence, this Court may not second-guess the ALJ. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). The ALJ may reject a claimant's symptom allegations by either identifying evidence of malingering or providing clear and convincing reasons to do so. *Valentine v. Comm'r of Soc. Sec. Admin*, 574 F.3d 685, 693 (9th Cir. 2009). The ALJ may discount a claimant's allegations by pointing to "contradictions in the claimant's own testimony about his activities of daily living." *Batson v. Comm'r of Soc. Sec. Admin*., 359 F.3d 1190, 1196 (9th Cir. 2004).

The ALJ provided clear and convincing reasons for the conclusion that Plaintiff's subjective symptoms were not entirely consistent with the medical evidence. First, the ALJ found the record contained no objective medical evidence of postural orthostatic tachycardia syndrome (POTS), AR 21, and Plaintiff does not challenge this finding. *See* ECF No. 15, at 16–19. Therefore, the ALJ properly concluded that Plaintiff's self-reported symptoms of fatigue, dizziness, and racing heartbeat due to POTS were not supported by the objective medical evidence.

Next, the ALJ found that the severity of Plaintiff's self-reported symptoms of joint paint were not corroborated by the objective medical evidence. AR 21. This conclusion was proper. The ALJ carefully considered the medical evidence in making this determination. AR 21. The ALJ noted, the "claimant testified she has joint pains and arthritis in virtually all her joints, but her course of treatment is inconsistent with this allegation." AR 21. One would expect the reported severity of pain Plaintiff reported to be confirmed by the medical evidence. In rebutting this finding, Plaintiff only points to Plaintiff's ankle surgery resulting from Ehlers-Danlos Syndrome and a clinic note where Plaintiff self-reported that she was

**ORDER GRANTING IN PART
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT ~ 11**

advised that she would need to have shoulder surgery in the future. ECF No. 15, at 17–18 (citing AR 283–84, 503). The medical evidence does not support the significant and debilitating joint pain that Plaintiff complained of at the hearing. *See* AR 36–38 (Plaintiff stating "the biggest places it affects on a daily basis would be my collarbones, my elbows, wrists, ankles, right knee, right pelvis, and back). The ALJ discounted Plaintiff's description of the severity of her symptoms finding that it wasn't supported by either her primary medical provider's treatment notes or the remaining medical evidence in the record. AR 21. The ALJ did not summarily reject her testimony. Instead, he considered Plaintiff's testimony to go beyond the evidence found in the administrative record. This credibility finding is within the province of the ALJ, *see Tommasetti*, 533 F.3d at 1039, and the ultimate determination was not error. Thus, the ALJ did not err in concluding that Plaintiff's unremarkable course of treatment undermined her symptom allegations.

C. **Because the ALJ will need to reevaluate Plaintiff's RFC, the ALJ will also need to redo Step Five of the sequential evaluation process.**

As set forth above, the ALJ made an incomplete RFC determination. As such, the ALJ will need to reevaluate the Step Five determination after the new RFC determination is made. Thus, this Court need not address Plaintiff's claim that the ALJ erred at Step Five.

## VIII. CONCLUSION

The Court remands for the ALJ to reevaluate Plaintiff's RFC, keeping in mind that Plaintiff will be expected to have her normal workday interrupted for up to two hours as determined by Dr. Robinson and Dr. Gollogly.

Plaintiff's request that the Court remand and render for the payment of benefits, ECF No. 15, at 20, is DENIED. The ALJ needs to make a new

**ORDER GRANTING IN PART
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT ~** 12

determination of RFC, and only then will it be clear whether Plaintiff is entitled to benefits.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 16**, is **DENIED.**

3. The case is **REMANDED** to the ALJ to reevaluate Plaintiff's residual function capacity (RFC) as set forth in this order. The ALJ shall hear additional testimony from the vocational expert to reevaluate Step Five of the sequential evaluation process.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

DATED February 24, 2022.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

**ORDER GRANTING IN PART
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT ~ 13**